**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRUSTEES OF THE TEXAS** | § | |
| **CARPENTERS AND MILLWRIGHTS** | § | |
| **HEALTH AND WELFARE FUND, et al.** | § | |
| | § | |
| **v.** | § | **A-10-CA-537 LY** |
| | § | |
| **RICHARD DELANCEY, INDIVIDUALLY** | § | |
| **AND D/B/A D&H CONSTRUCTION, INC.,** | § | |
| **AND D&H CONSTRUCTION, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss (Clerk's Docket No. 8); Plaintiffs'

Response to Defendants' Motion to Dismiss (Clerk's Docket No. 9); and Defendants' Reply to

Plaintiffs' Response to Defendants' Motion to Dismiss (Clerk's Docket No. 10). The District Court

referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant

to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

This cause of action is brought by the Trustees of the Texas Carpenters and Millwrights

Health and Welfare Fund, the Texas Carpenters and Millwrights Apprenticeship Training Fund,

Carpenters Labor-Management Pension Fund, and North Texas Carpenters Retirement Plan

("Plaintiffs") alleging that Defendant Richard Delancey, individually, and his company D&H

Construction, Inc., ("Defendants"), failed to make contractually required contributions to a multi-employer benefit plan administered by Plaintiffs from the period of January 2007 to September 2009.

D&H Construction entered into two collective bargaining agreements ("CBAs") with the Carpenters and Millwright's Local Union No. 1266 for carpentry and millwright services.[1]  Through incorporation of a separate trust agreement, these CBAs required D&H Construction to fund Carpenters and Millwrights Local Union No. 1266 union members' welfare plan fund, pension plan fund, and apprenticeship plan fund, in addition to paying agreed-upon wages.  Defendants assert that Defendants owed these benefit plan payments when Local No. 1266 members performed carpentry or millwright work as defined by the two CBAs, but not when the members performed work outside the scope of the CBAs.  Defendants assert that they did not owe monies pursuant to the CBAs as the hours of work in issue for non-payment do not qualify as carpentry or millwright work.

On January 15, 2010, Plaintiffs completed an audit of D&H Construction's records.  The CPA firm hired to perform the audit determined that Defendants were deficient in total principal due during the period of January 2007 to September 2009 in the sum of "at least $77,245.89 for the Audit Period."  Plaintiffs allege that the audit further reflects liquidated damages in the amount of $12,838.34 and interest in the amount of $26,737.45.  *See* Complaint at pp. 6-7.  Plaintiffs assert they are entitled to additional interest and the sum paid to the Fund Payroll Auditor for conducting the field audit and preparing the report.

---

[1] Plaintiffs allege in their Complaint that there was one CBA entered into with Carpenters Local Union No. 14 of the United Brotherhood of Carpenters and Joiners of America.  *See* Complaint at p. 6.  In their Response to Defendants' Motion to Dismiss, Plaintiffs acknowledge that there are two CBAs at issue.  *See* Response at p. 3.

Plaintiffs allege violations of ERISA and breach of contract claims. Plaintiffs also allege a breach of fiduciary responsibility claim against Richard Delancey as shareholder and officer of Defendant D&H Construction, Inc. Lastly, Plaintiffs request an injunction to enforce the reporting and payment requirements of the CBAs. Defendants move to dismiss alleging that Delancey is not individually liable for the breach of contract action asserted by the Plaintiffs, Delancey is not individually liable for breach of a fiduciary duty under ERISA or for any other alleged ERISA violations, the two CBAs require binding arbitration proceedings for resolving grievances, and there is no basis for injunctive relief.

## II.  STANDARD OF REVIEW

### A.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555.  This new standard applies to all cases.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

The Fifth Circuit has consistently held that a court may not go outside of a plaintiff's complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss.  *See Scanlan v. Texas A & M University*, 343 F.3d 533 (5th Cir. 2003); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the Court may consider documents referred to in the plaintiff's complaint and essential to the plaintiff's claim.  *Scanlan,* 343 F.3d at 536; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 496, 498 (5th Cir. 1996).  Alternatively, if a court chooses to consider extrinsic evidence in ruling on a Rule 12(b)(6) motion, "it converts the motion into one for summary judgment under Federal Rule 56, requiring notice and the opportunity to present evidence." *Martinez v. Reno*, 1997 WL 786250, *2 (N.D. Tex. 1997).

Attached to Defendants' motion are the Affidavit of Richard Delancey, the two CBAs apparently in issue, copies of cancelled checks from D&H Construction made out to the Texas Carpenters Fringe Benefits Fund, the Agreement and Declaration of Trust, and a demand letter for $121,482.66 from Plaintiffs' attorneys.  Plaintiffs attached the audit documents to their Original Complaint.  As discussed below, the Court declines to consider this extraneous evidence at this early stage of the case.

### III.   ANALYSIS

#### A.      Whether Delancey is Individually Liable for Breach of Contract Claim

Defendant Delancey argues that he cannot be individually liable for breach of contract because he is not a party to the CBAs; but rather, he executed the agreements on behalf of his company, D&H Construction.  *See* Motion to Dismiss at p. 5. Delancey relies on his Affidavit in

4

support of this contention.  Plaintiffs respond that Delancey is a fiduciary under ERISA, and as such he is individually liable for the contract claims.  *See* Response at p. 6.

Because the determination of this issue would require the Court to go outside Plaintiffs' Complaint, and rely upon additional evidence contained in Delancey's Affidavit, the Court finds that it cannot recommend dismissing Plaintiffs' breach of contract claim at this time.

### B.      Whether Delancey Is Individually Liable for Breach of a Fiduciary Duty Under ERISA or for Other Alleged  ERISA Violations

Defendant Delancey asserts he is not a fiduciary who breached a fiduciary duty pursuant to ERISA.  Plaintiffs assert that he qualifies as a fiduciary because he exercised control over plan assets.  *See* Response at p. 5.  Section 1002(21)(A) of ERISA defines a fiduciary in several ways. In relevant part, that statute provides that a "person is a fiduciary with respect to a plan," and therefore subject to ERISA fiduciary duties, "to the extent" that he or she "exercises any authority or control respecting management or disposition of [plan] assets," or, "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(i) and (iii).  "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach. . . ." 29 U.S.C. § 1109(a).  The Fifth Circuit has held that "[t]he existence of a fiduciary relationship under ERISA, on the merits, is a mixed question of law and fact." *Kramer v. Smith Barney*, 80 F.3d 1080, 1083 n. 2 (5th Cir. 1996) (citing *Reich v. Lancaster*, 55 F.3d 1034, 1044-45 (5th Cir. 1995)).

The Court cannot determine whether Delancey exercised control over plan assets without considering evidence outside the pleadings. Accordingly, the Court finds that dismissal of this claim is inappropriate at this time.

### C.    Whether the CBAs Require Binding Arbitration Proceedings

Defendants argue that the breach of contract claim should be dismissed for Plaintiffs' failure to abide by the binding arbitration agreements set forth in the CBAs between the Defendants and the Union. *See* Motion to Dismiss at p. 8. Plaintiffs assert that their breach of contract action is based upon the individual trust agreements which do not require arbitration. Response at 6.

Plaintiffs cite case law stating that disputes between an employer and the trustees of employee-benefits trust funds are not subject to a presumption of arbitrability. *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 372 (1984). In disputes between a union and an employer, "[s]uch a presumption furthers the national labor policy of peaceful resolution of labor disputes and thus best accords with parties' presumed objectives in pursuing collective bargaining." *Id.* Arbitration in this context "promotes labor peace because it requires the parties to forgo the economic weapons of strikes and lockouts." *Id.* But because trustees do not have recourse to such weapons, the Supreme Court has held that:

> the presumption of arbitrability is not a proper rule of construction in determining whether arbitration agreements between the union and the employer apply to disputes between trustees and employers, even if those disputes raise questions of interpretation under the collective-bargaining agreements.

*Id.* Absent such a presumption, the agreements between the parties must evidence an intent to require arbitration of disputes between trustees and employers. *Id.*

Indeed, it is fairly well settled that, in the absence of an unambiguous expression by the parties to the contrary, pension funds are not required to exhaust collective bargaining agreement arbitration procedures prior to filing an action for collection of delinquent contributions. *See Louisiana Bricklayers & Trowel Trades Pension Fund v. Alfred Miller Gen. Masonry Contracting Co.*, 157 F.3d 404, 408 (5th Cir. 1998); *Connors v. Link Coal Co.*, 970 F.2d 902, 906 (D.C. Cir. 1992); *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992); *Benson v. Brower's Moving & Storage*, 907 F.2d 310, 314 (2d Cir. 1990); *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir.1986); *Central States Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989); *Flynn v. Dick Corp.*, 384 F.Supp.2d 189, 202 (D.D.C. 2005) ( "[P]ension funds are not required to exhaust collective bargaining agreement arbitration procedures prior to filing an action for collection of delinquent contributions.") (citing ERISA LITIGATION HANDBOOK § 7.01(H) (Aspen 2004)).

Accordingly, it is inappropriate to dismiss Plaintiffs' claims for failure to arbitrate based merely on the face of Plaintiffs' Complaint.

### D.    Plaintiffs' Claim for Injunctive Relief

Plaintiffs assert that ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), allows a Court to grant injunctive relief. *See Laborers' Fringe Benefit Funds v. Northwest Concrete & Construction, Inc.*, 640 F.2d 1350, 1352 (6th Cir. 1981). Plaintiffs seek immediate injunctive relief compelling payment from Defendants. Defendants allege that Plaintiffs claim for injunctive relief must be dismissed as Plaintiffs have failed to make out the elements required to establish the necessity of injunctive relief. *See* Motion to Dismiss at p. 8. Defendants argue that Plaintiffs cannot establish the element of irreparable harm, because Plaintiffs waited over three years to perform an audit, and Plaintiffs have

7

an adequate monetary remedy.  Plaintiffs respond that they have properly pled the elements of injunctive relief, and that the irreparable injury analysis should be conducted by the Court on a motion for summary judgment, and not a motion to dismiss.

The prerequisites for injunctive relief are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit;  (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted;  (3) the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant;  and (4) granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalla*, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam); *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984) (per curiam).

The analysis of the elements of Plaintiffs' claims for injunctive relief would inherently require the Court to conduct a factual analysis of the claims.  Defendants fail to demonstrate that as a matter of law Plaintiffs are not entitled to injunctive relief, and Plaintiffs have sufficiently pled the elements of a claim for injunctive relief.  Dismissal is therefore not warranted on the injunctive relief claim.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the Defendants' Defendants' Motion to Dismiss (Clerk's Docket No. 8) be **DENIED.**

## V.  WARNINGS

The parties may file objections to recommendations contained within this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider

8

frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of November, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE